**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VAUGHN E. GAINES,

Plaintiff,

v.

HONORABLE PETER LANGE, et al.,

Defendants.

Civil Action No. 23-21315 (KMW) (EAP)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

## I. BACKGROUND

Plaintiff is a state pretrial detainee currently detained in the Burlington County jail. (ECF No. 1 at 2, 6-7.) On August 3, 2023, Plaintiff appeared before Defendant Judge Lange for a bail hearing on a disorderly persons offense. (*Id.* at 6.) Judge Lange set Plaintiff's bail at $750 cash. (*Id.*) Despite Plaintiff's belief that this amount of bail was excessive and unlawful under state

law,[1] neither the assigned prosecutor, Defendant Cohen, nor his appointed defense attorney, Defendant Farrow, opposed the judge's bail ruling. (*Id.* at 7.) Plaintiff now seeks to bring a civil rights suit against all three Defendants for excessive bail in violation of the Eighth Amendment and against Defendant Farrow for failure to provide adequate counsel under the Sixth Amendment. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

---

[1] Plaintiff asserts that his maximum bail should have been $500. Under state law, the absolute maximum for a disorderly persons offense appears to be $2500. *See* N.J. Stat. Ann. § 2C:6-1. It is thus not clear why Plaintiff believes his maximum bail should have been less than $500.

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In this matter, Plaintiff first seeks to bring an excessive bail claim under § 1983 against a state municipal court judge, a municipal prosecutor, and his appointed attorney in his municipal criminal matter. In order to state a claim for excessive bail, a Plaintiff must plead facts showing that his bail was excessive, and that the named defendant caused the plaintiff to be subjected to the allegedly excessive bail. *See, e.g., McKnight v. Taylor*, No. 12-1684, 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012). Because the authority to set bail rests in the hands of the judge who oversees a criminal defendant's initial appearance under New Jersey law, it is generally the judge who imposes bail who "causes" a prisoner to be subject to bail, making the imposing judge the proper defendant for such a claim. *McKnight*, 2012 WL 5880331 at *7 n. 3. State court judges, including municipal judges overseeing criminal proceedings for minor offenses, however, "are not

liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). A municipal judge is thus absolutely immune from suit for judicial actions taken during criminal proceedings, including the setting of bail. *Id.* at 441-43. Defendant Lange is thus clearly entitled to absolute immunity, and Plaintiff's bail claims against him must therefore be dismissed with prejudice.

Even assuming Plaintiff could bring a bail claim against the municipal prosecutor, state prosecutors are generally immune from suit for actions taken in initiating and pursuing criminal charges. *See, e.g., See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). This immunity extends to a prosecutor's "participation in . . . pre-trial arraignment and bail proceedings." *Sheffer v. Centre County*, 818 F. App'x 160, 162 (3d Cir. 2020). Thus, Defendant Cohen is also clearly entitled to immunity in this matter, and Plaintiff's claims against her are therefore also dismissed with prejudice.

Finally, Plaintiff seeks to press his bail claim and a claim of inadequate counsel in violation of the Sixth Amendment against Defendant Farrow, his appointed defense attorney. Public Defenders and other forms of appointed counsel, however, are not proper Defendants in a civil rights action for their failings in their capacity as defense counsel as a criminal defense attorney does not act under color of state law sufficient to support a § 1983 claim. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Because Defendant Farrow is not a proper Defendant for Plaintiff's civil rights claims, Plaintiff's § 1983 claims against Defendant Farrow must also be dismissed with prejudice. Because all of the claims raised in Plaintiff's complaint shall be dismissed with prejudice, Plaintiff's complaint is dismissed with prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge